# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID L. MOSBY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-1125-JAR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on review of David L. Mosby's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is currently incarcerated at FCI-Memphis, Tennessee.

### Background

Petitioner states that, following a jury trial, he was convicted of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846. On May 10, 1991, he was sentenced to a term of forty years' imprisonment. The conviction and sentence were affirmed on appeal. In the instant action, petitioner seeks relief from his sentence on the ground that "the District Court violated his due process rights . . . when it sentenced him to an enhanced term of imprisonment based on elements of his offense that were not submitted to nor found by the jury." *See Alleyne v. United States*, 133 S.Ct. 2151 (2013). For

relief, petitioner seeks resentencing.

## Discussion

Petitioner's request for relief pursuant to § 2241 will be denied. First, this Court does not have jurisdiction to entertain the instant action, because petitioner is not located in the United States District Court for the Eastern District of Missouri's judicial district, and the person having custody over him, the warden at FCI-Memphis, cannot be reached by service of process. *See Braden v. 30th Judicial Circuit Ct. of Kentucky*, 410 U.S. 484, 495 (1972).

Second, even if petitioner or his custodian were located in this district, petitioner's § 2241 application would be denied. A challenge to a federal conviction or sentence is most appropriately brought as a motion under 28 U.S.C. § 2255. *See United States v. Hayman*, 342 U.S. 205, 217 (1952). Moreover, the United States Court of Appeals for the Eighth Circuit has held that a writ of habeas corpus may issue under § 2241 only if it appears that the remedy by means of filing a § 2255 motion is inadequate or ineffective. *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). In the instant action, petitioner summarily claims that his remedy under § 2255 is inadequate. Specifically, he states, "Petitioner further argues that § 2241 is the appropriate remedy for him to seek relief due to § 2255 being inadequate to bring the claim" [Doc. #1-1, p. 3]. The Court finds that

petitioner=s summary statement is insufficient to establish the inadequacy or ineffectiveness of remedy by a § 2255 motion.

Petitioner also states that he has previously brought two § 2255 motions to vacate in this Court. He states that the first motion was denied in 1997. S*ee Mosby v. United States*, No. 1:97-CV-62-SNL (E.D. Mo.). The second motion was denied as successive in 2005, *see Mosby v. United States*, No. 1:05-CV-40-SNL (E.D. Mo.), and on appeal, the Eighth Circuit summarily affirmed the judgment and denied petitioner leave to file a successive motion under § 2255. *See Mosby v. United States*, No. 05-2850 (8th Cir. Aug. 3, 2005). In addition, in 1999, movant sought, but was denied, permission by the Eighth Circuit Court of Appeals to file a second or successive habeas application. *See Mosby v. United States*, No. 99-3634 (8th Cir. Dec. 6, 1999). It may be that petitioner styled the instant action as a § 2241 petition in an effort to avoid characterization as a successive § 2255 motion; however, a § 2255 motion is not inadequate simply because it is successive.[1] *See Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997) (the "inadequate or

---

[1] As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals" to contain certain information. Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

ineffective" provision in § 2255 does not mean that habeas corpus is preserved whenever a federal prisoner faces a substantive or procedural barrier to § 2255 relief).

For these reasons, the Court will dismiss the instant § 2241 petition.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner=s petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**, without prejudice.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 7th day of July, 2014.

_____
 **UNITED STATES DISTRICT JUDGE**